George C. Hull and A. A. Mellon, Copartners, trading as George C. Hull & Co., *v.* The Pennsylvania Railroad Company, Appellant.

*Practice, C. P.—Trial—Qualified answer to points.*

Where points contain a proposition of law which depends for its proper application on the determination of questions of fact, regarding which there is material dispute, it is not error for the trial judge to qualify his affirmance of the points by pointing out to the jury the duty imposed upon them of determining the disputed facts.

Argued April 22, 1896. Appeal, No. 89, April T., 1896, by defendant, from judgment of C. P. Westmoreland Co., Nov. T., 1894, No. 477, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Appeal by defendant from judgment of a justice of the peace in an action of assumpsit.

Verdict for the plaintiff for $27.91. Before McCONNELL, J.

A buggy was shipped to plaintiff over lines of defendant company. The testimony shows that it was placed in the hands of the defendant company, but was never seen or received by the plaintiff. It was a disputed fact whether or not the buggy was placed in the defendant's warehouse at Latrobe, the place of destination. The bill of lading provided, inter alia, " claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event." No written notice was given to defendant by the plaintiff of loss; it was a disputed fact whether or not such provision in the bill of lading had been waived by the action of defendant company. The court submitted the case to the jury who rendered a verdict in favor of the plaintiff.

*Errors assigned* were, (1) error in submitting the case to the jury after affirming defendant's second point, which point and

652    HULL & CO. *v.* RAILROAD CO., Appellant.

Assignments of Error—Opinion of the Court. [1 Super. Ct.

answer are as follows: (2d) Where goods have reached their destination and are stored in the carrier's warehouse, as alleged in this case, and the carrier is liable, he is liable only as a warehouseman for negligence in preserving the goods. In this case negligence cannot be presumed, but must be proved as any other fact in issue. There being no testimony whatever to prove or tending to prove any negligent act of the defendant in this case, I instruct you as a matter of law that plaintiff cannot recover, and your verdict must be for the defendant. *Answer:* This we affirm. This relates to its liability after it has reached the warehouse at Latrobe and is correctly stated.

(2) Answer to defendant's first point, which point and answer are as follows: (1st) The bill of lading under which the goods were shipped, and for which claim is made in this suit, provides that "claims for loss or damage must be made in writing to the agent at point of delivery promptly after arrival of the property, and if delayed for more than thirty days after delivery of the property, or after due time for the delivery thereof, no carrier hereunder shall be liable in any event." The undisputed testimony being that these provisions of the contract were not complied with, I instruct you as a matter of law that they are reasonable and proper regulations, and that there can be no recovery by plaintiff in this case, and your verdict must be for the defendant. *Answer:* That we affirm, but you will recollect what I said about the question of whether or not it has been waived, it being also the law that a party to a contract may waive a provision for his benefit.

(3) Refusal of binding instructions in favor of the defendant.

*Marchand, Gaither & Woods,* for appellant.

*John E. Kunkle, Edward E. Robbins* with him, for appellee.

OPINION BY BEAVER, J., May 11, 1896:

It is impossible to eliminate from the consideration of this case the questions of fact concerning which there was material dispute in the court below. One of these facts was whether or not the buggy carried by the defendant from Cincinnati to the siding at Latrobe ever was placed in its warehouse. It is impossible to determine this question upon the testimony given

in behalf of the appellant itself. There was, therefore, no error in the answer to the appellant's second point which constitutes the first assignment of error. Appellant claims that the point having been affirmed the case should have been taken from the jury, but the question was whether the facts upon which the point was based were correct, and these facts having been left to the jury the court could not affirm the point unequivocally, but added by way of limitation : " This relates to its liability after it has reached the warehouse at Latrobe," and is correctly stated. If the buggy, which was the subject of dispute, had never reached the warehouse—and that was one of the questions in controversy—the principle stated could not apply.

So in regard to the second assignment of error. The proposition of law contained in appellant's first point was correct and it was affirmed by the court, with the qualification that the jury " will recollect what I said about the question of whether or not it has been waived, it being also the law that a party to a contract may waive a provision for its benefit." The question as to whether or not there had been a waiver of the written notice provided for in the bill of lading was fairly left to the jury and, under all the facts of the case, this qualified affirmation of the second point was therefore entirely proper. The appellant acted upon the verbal notice given by the appellee and communicated with him in regard to the efforts made to trace the property. Whether these acts constituted a waiver of the written notice was a question of fact for the jury and was properly submitted for its finding.

It follows, from what we have said, that the third assignment of error cannot be sustained. The facts of the case were of such a character that they were necessarily submitted to the jury, and this was done in a way in which the defendant has little cause for complaint. The questions of law upon which the defendant asked instructions were ruled in such a manner that it cannot well complain. If the verdict had been for the defendant, the plaintiff might with some reason have complained of the answers of the trial judge to the defendant's points. From the standpoint of the defendant, we can see no reversible error and the assignments are, therefore, all overruled.

Judgment affirmed.